# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## CHRISTINE (GOMEZ) CHAMBERS v. SALOMON GOMEZ, JR.

**Appeal from the Chancery Court for Fayette County**
**No. 15965PP      William C. Cole, Chancellor**

_____

**No. W2015-00799-COA-R3-CV – Filed December 23, 2015**
_____

Because the order appealed is not a final judgment, this Court lacks subject matter jurisdiction. Therefore, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., J. STEVEN STAFFORD, P.J.W.S., AND ARNOLD B. GOLDIN, J.

Leah J. Roen, Memphis, Tennessee, for the appellant, Salomon Gomez, Jr.

Rachael Emily Putnam, Memphis, Tennessee, for the appellee, Christine Gomez Chambers.

## MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated: 1) the claim for criminal contempt as to Defendant Angelice Gomez, as set forth in "Wife's Fifth Petition for Citation of Criminal and Civil Contempt and Motion to Set Aside Pursuant to Tenn. R. Civ. P. 60", filed in the trial court on August 26, 2014; and, 2) the request that the Court set aside the portion of the parties' Final Decree of Divorce which awarded the parties' business and/or enjoin Appellant Salomon Gomez, Jr. from making transfers of the business, as set forth in "Wife's Fifth Petition for Citation of Criminal and Civil Contempt and Motion to Set Aside Pursuant to Tenn. R. Civ. P. 60", filed in the trial court on August 26, 2014.

By Order entered on November 4, 2015, the Court entered an Order directing Appellant Salomon Gomez, Jr. to either obtain entry of a final judgment in the trial court or show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Appellant filed a response to our Order on November 10, 2015. The Court directed Appellee Christine (Gomez) Chambers to file a response by Order entered on November 20, 2015. Appellee filed her response on November 30, 2015, wherein she requested that the Court dismiss this appeal for lack of jurisdiction. Appellee further requested that the Court grant her an award of appellate attorney fees.

It appears that the order appealed is not a final judgment. The trial court did not adjudicate the claim for criminal contempt as to Defendant Angelice Gomez. Moreover, the trial court did not adjudicate Appellee's request to set aside the portion of the parties' Final Decree of Divorce which awarded the parties' business and/or enjoin Appellant from making transfers of the business. Consequently, this Court does not have jurisdiction to hear this appeal and the appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. All requests for relief contained in Appellee's response are respectfully denied. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Salomon Gomez, Jr., and the surety for which execution may issue if necessary.

**PER CURIAM**